IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00065-KDB-DCK

| | |
|---|---|
| ALEXIS DOUGHERTY, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> BOJANGLES' RESTAURANTS, INC., <br><br> Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Plaintiffs' Motions to Vacate Final Judgment and For Leave to File an Amended Complaint (Doc. No. 36). The Court has carefully considered these motions and the parties' briefs in support and in opposition. For the reasons discussed below, the Court will **DENY** the motion.

In this action, Plaintiffs claim that Defendant is liable for harm they have suffered or may suffer in connection with the alleged theft of their personal information in a data breach of Defendant's computer systems during February and March 2024. On September 30, 2025, the Court granted Defendant's Motion to Dismiss based on the Court's finding that Plaintiffs lacked standing to pursue their claims. *See* Doc. No. 34. Since that dismissal, on October 29, 2025, Plaintiffs filed a motion to vacate the Judgment pursuant to Federal Rule of Civil Procedure 60(b) together with a request for leave to file an Amended Complaint. With respect to the proposed Amended Complaint, Plaintiffs allege that they have "continued to investigate" the facts and believe that additional facts entitle them to pursue their claims. However, they do not allege that

1

those facts could not have been timely discovered through the exercise of reasonable diligence. On October 30, 2025, Plaintiffs filed a Notice of Appeal as to the Court's Order and Judgment.

First, it is unclear whether the Court even has jurisdiction to consider Plaintiffs' motions during their appeal. *See Daulatzai v. Maryland*, 97 F.4th 166, 173 (4th Cir. 2024). However, in *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 891 (4th Cir. 1999), the Court suggested that a district court might consider a Rule 60(b) motion while a judgment is on appeal so that if the district court determines that the motion is meritless any appeal from the denial can be consolidated with the appeal from the underlying order. Because the Court finds there are no grounds to support Plaintiffs' 60(b) motion, the Court will address it briefly.

Plaintiffs incorrectly conflate their Rule 60(b) motion to vacate and their Rule 15(a) motion to amend, citing *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006), a decision that has been recently clarified. *See Daulatzai*, 97 F.4th at 177-179 ("We thus reject Daulatzai's argument that the *Laber* decision's collapsing of the standards under Rule 59(e) and Rule 15(a) should also apply when the motion seeks relief from the judgment under Rule 60(b)."). Therefore, the governing rule is that a court may not grant a post-judgment motion to amend a complaint unless the judgment is first vacated pursuant to Rule 59(e) or [Rule] 60(b). *Id*. And, "when the motion to vacate is filed under Rule 60(b), the more restrictive standard for granting that motion must be satisfied before consideration can be given to the motion to amend." *Id*.

Rule 60(b) authorizes a court to "relieve a party ... from a final judgment" after the judgment is final, but a party can obtain such relief based on only the six grounds identified. *Id*. Specifically, "[u]nder Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'" *Kemp v. United States*, 596 U.S. 528, 533. Rules 60(b)(2) through (b)(5) supply other grounds, including "newly discovered evidence that, with reasonable diligence,

could not have been discovered in time to move for a new trial;" fraud; a void judgment; and the judgment has been satisfied, etc. Fed. R. Civ. Proc. 60 (b). Rule 60(b)(6) also provides a catchall for 'any other reason that justifies relief,'" *id.,* but this last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable," and the Supreme Court has held that it requires a showing of "extraordinary circumstances." *Kemp,* 596 U.S. at 533. Thus, to obtain relief from a final judgment under Rule 60(b), one of the six grounds enumerated must be satisfied.

Plaintiffs have made no showing that any of these limited grounds apply here. Indeed, as mentioned above, Plaintiffs ignored the grounds of the applicable rule entirely, arguing only that they satisfied the standard for filing an Amended Complaint. Therefore, Plaintiffs' Rule 60(b) motion will be denied and their request to file an Amended Complaint denied as moot.

**NOW THEREFORE IT IS ORDERED THAT:**

Plaintiffs' Motions to Vacate Final Judgment and For Leave to File an Amended Complaint (Doc. No. 36) are **DENIED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 24, 2025

Kenneth D. Bell
United States District Judge